LIGHTHOUSE INNS, INC., d/b/a
Rodeway Inn, Appellant,

v.

Philip MANSFIELD, et ux., Appellees.

No. 18461.

Court of Civil Appeals of Texas,
Fort Worth.

May 14, 1981.

Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, and Stanford M. Dolginoff, Fort Worth, for appellant.

Gould, Harper, McKinney & Pitts, and Gregory Pitts, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

We affirm judgment *nil dicit* rendered by the court following trial at which defendant Lighthouse Inns, Inc., d/b/a Rodeway Inn, failed to appear. Rodeway Inn was found to have been negligent in connection with the theft of property from the automobile of plaintiffs, Philip Mansfield, et ux.

Rodeway Inn had filed a general denial. It also had plead that the Mansfields had exercised control over their own property the material time and had been given specified information that the Inn would not be responsible for automobiles or contents left in automobiles located on its premises.

The Mansfields were guests at the Rodeway Inn for a period of approximately five weeks, including the material dates of January 13th and 14th, 1978. While guests they parked their 1975 Dodge van in the basement parking level of the guests' parking area. On the 14th the van was opened for purpose of depositing some ladies' wear therein, at which time was discovery that their personal property had been removed therefrom. There was testimony that such property had been in the van when they became guests, that the manager of the Rodeway Inn was so advised with query made of the safety thereof in the parking area; that the manager assured them that the van should be parked in the basement in the corner where a security guard patrolled regularly, and where it would be quite safe. Upon that representation and assurance they acted in accord, with the vehicle locked with the regular key.

Value of the personal property stolen from the Mansfields was $2,300.00, for which judgment was rendered. There is no complaint of error in the amount.

A complaint on appeal is that there was error in finding liability because the Inn never became bailee. In accord with the presentation of the Mansfields we find that there was support for the finding of liability on the theory of negligence, apart from any relationship of bailor and bailee. In the findings of fact and conclusions of law the trial court found negligence of Rodeway Inn as the proximate cause of the Mansfield loss. The Inn has not briefed nor addressed the issue of sufficiency of evidence in support. The point of error is overruled.

A more material complaint on appeal is that Rodeway Inn was denied due process because of the trial court's having permitted the case against it to proceed to trial without notice to the Inn's attorney; that the failure to notify such defendant of the calling of the case for trial constituted a denial of due process and therefore the judgment is void.

In the judgment (signed July 16, 1980) is recited nothing relative to notice of trial having been given, though noting that the defendant failed to appear. (The hearing was heard and completed July 7, 1980).

Eight days after the judgment was signed Rodeway Inn filed its "Motion to Set Aside Judgment." This the court treated as a motion for new trial, with the same set and heard August 8, 1980. At this hearing all parties appeared by attorney and submitted (according to the court's order) all issues of fact and law to the court. On August 15, 1980 the court entered its order overruling the motion.

(August 12, 1980 Rodeway Inn filed instrument entitled Motion for New Trial. There is no complaint of any failure to consider it, or that it was not ruled on; therefore it will be deemed as having been part of that treated as before the court before entry of its order, and as having been considered and denied by the courts in its order of August 15th.)

At the August 8th, 1980 hearing the language of the motion then on file (called "Motion to Set Aside Judgment") read: "The Defendant would show that neither it nor its counsel have been guilty of any negligence or lack of due diligence in prosecuting the defense of this lawsuit in that neither the Defendant nor its counsel received notice of a trial setting for July 7th, 1980. The Defendant would show to the Court that the last notice of trial setting received by them was by letter addressed to the Court by the attorney for the Plaintiff under date of September 27, 1979, requesting a trial setting for the week on November 26, 1979." The motion was not verified; no affidavit of any kind was appended in support.

At the August 8th, 1980 hearing there must have been evidence introduced, for in the court's order is a recitation, as follows: "The parties appeared by their attorney and all issues of fact and of law were submitted to the Court."

By the instrument filed August 12, 1980, styled Motion for New Trial, representations were made which were verified. Appended thereto was the affidavit of the Rodeway Inn attorney. That which was sworn included the following: (1) that the Inn was given no notice of any nature or description, written or oral, of the trial date or the trial; (2) that the last notice of trial setting received was by letter addressed to the court by the attorney for the Mansfields under date of September 27, 1979, requesting a trial setting for the week of November 26th, 1979; (3) that when the court set the case for trial on July 7, 1980 neither the attorney for the Mansfields nor anybody in said attorney's office, nor the court nor any employee of the court, called or wrote the Rodeway Inn or its attorney of record giving notice; and (4) that said defendant has a meritorious defense, in that, etc., (on matter we deem immaterial here).

(Mention might be made that nowhere in the papers of Rodeway Inn was there any offer to do equity and to tender reimbursement to the Mansfields for their expense in attending and conducting the trial held on July 7, 1980. Their residence is without the State of Texas so it would be obvious that there would have been some expense. However, as applied to the matter of "due process" we deem this immaterial.)

█ There would have been a fatal absence of due process if a trial was actually set, called and held, with judgment rendered pursuant thereto without any knowledge of Rodeway Inn, i. e. with notice thereof withheld or in any event not furnished to said defendant.

█ The Inn contends that is what occurred. It placed the contention before the court at a time when the judgment could have been set aside and vacated, with a new trial granted. If such fact had been established, to grant a new trial would have been the duty of the court. Of course it was the obligation of Rodeway Inn to establish the fact by some sort of proof, which, if the court was obligated to believe, would compel the grant of a new trial. (Where there is a want of due process, equitable considerations are of no importance in the determination of validity of the judgment.)

Rodeway Inn bore the burden of proof; by its sworn motion and affidavit (though filed late) was representation that there was absence of notice that a trial would be held on July 7, 1980. There was no counter-

affidavit representing the contrary to be true. The Inn's motion was scheduled to be heard and was heard, with all necessary parties represented, on August 8th, 1980. At time of the hearing there was not a sworn motion nor affidavit appended to a motion in support of the claim of "no notice". Thereafter filed, at a time prior to the date on which there was a ruling, was Rodeway Inn's sworn motion accompanied by an affidavit, both setting up the contention.

In connection therewith, we must observe that the court stated in is order that "issues of fact" were presented to the court. Rodeway Inn has not brought forward for purposes of the appeal any statement of facts embodying the evidence we must presume to have been presented. We seek anything necessarily related thereto in the court's findings of fact and conclusions of law which were filed.

In the section headed "Conclusions of Law" was recitation under paragraph No. 4 that the "[m]otion to Set Aside Judgment should be and was considered as a Motion for New Trial, same to be overruled for the reason that said Motion was not verified and was filed without supporting affidavits and therefore Defendant failed to meet its burden to introduce evidence showing that its failure to appear at the trial was due to a mistake or accident rather than being intentional or the result of conscience [sic] indifference. Defendant failed to show factual allegations which in law would constitute a meritorious defense to Plaintiffs' cause action and that Defendant failed to show that its Motion for New Trial was filed at a time when the granting thereof would occasion no delay or otherwise work a hardship upon Plaintiffs."

There was absolutely nothing in the findings of fact and conclusions of law stating anything relative to notice or absence of notice of the trial date of July 7, 1980. Though there was recitation that Rodeway Inn failed to prove an equitable ground for obtaining a new trial because of want of evidence, nothing was stated relative to any proof by the Inn of want of due process, nor of any proof by the Mansfields that there was no want of due process.

■ So far as the record on appeal is concerned, there was never any request for additional findings of fact in which the questions relative to "notice" would have been clarified. By not having sought any further findings Rodeway Inn must be held in the position of having waived any right to obtain any finding relative thereto. Tex. R.Civ.P. 298, "Additional or Amended Findings."

Even without the above, the state of the evidence at the hearing held on August 8, 1980 might have been displayed by a statement of facts. None was brought forward that we might know exactly the nature of the proof.

■ We hold that the absence of proof that there was no evidence presented at the hearing held on August 8, 1980, coupled with statement of the court (in its order of August 15, 1980) that issues of fact were presented at such hearing, is fatal to the contention of Rodeway Inn that it had no notice to appear at trial. This we hold even though the circumstances are such that we consider to have been before the court the verified motion filed (along with affidavit in support) stating that there was complete absence of notice to the Inn that trial was set for hearing on July 7, 1980.

We make reference to *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972); and to *General Portland, Inc. v. Collins*, 549 S.W.2d 757 (Tex.Civ.App.—Fort Worth 1977, writ ref. n.r.e.), including the author's dissenting opinion. In these cases the judgments were true default judgments, not, as here, a *nil dicit* judgment. However, the principles of law would have like applicability to either kind of judgment sought to be set aside.

In the instant case no counter affidavit was filed by the Mansfields to the Rodeway Inn (late filed) verified motion and sworn affidavit that there was absence of notice. As the author understands the holding of *Ward v. Nava, supra,* there would have been reversible error by the trial court's denial of new trial had no evidence been

introduced at the hearing held August 8, 1980. Not so, however, if evidence was introduced. (Here we must presume that there was such evidence.)

By the presumption necessary in disposing of the appeal, we are obliged to assume that at the hearing held August 8, 1980 the Mansfields presented evidence which established, or at least raised as an issue so that the court could justifiably hold, that the Rodeway Inn and its attorney had in fact received timely and proper notice that trial of the case was scheduled to be heard on July 7, 1980, when it was heard; that the Inn's failure to appear for trial could not have been justified or excused because of any want of due process.

Judgment affirmed.