Oliver WARD, Appellant,

v.

David NAVA, Appellee.

No. 646.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 28, 1972.

Rehearing Denied Aug. 2, 1972.

Larry D. Thompson, Lorance & Thompson, Houston, for appellant.

Jerry J. Hamilton, Campbell & Lilly, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was a suit for personal injuries brought by David Nava against Oliver Ward. Default judgment was granted for the plaintiff. The instant appeal by the defendant is from such judgment.

On June 10, 1971, plaintiff filed his original petition in the District Court of Harris County claiming damages for personal injuries in the sum of $50,000. Such damages were allegedly sustained by the plaintiff when he was walking across a street and was struck by an automobile driven by the defendant.

Two citations were issued which were not served. The third citation, however, was issued and duly returned with a notation indicating that the defendant had been personally served on October 21, 1971, by Deputy Constable Brown. Thereafter, on Monday one week following the Monday next after 20 days from date of service of citation and petition, default judgment was entered against the defendant. The trial

court's judgment recites that it was upon the hearing of evidence that damages in the sum of $25,000 were determined.

On December 2, 1971, the 10th day following entry of judgment, a "Motion to Set Aside Default Judgment and for New Trial" was filed by the defendant. Such motion was thereafter amended on December 13, 1971. Attached to the unsworn amended motion was an affidavit which was as follows:

My name is Oliver Ward. I am married to Cherry Ward and have three children, ages 12, 9, and 7. We reside at 3822 Chickering Street. I am employed by Sears as a basement stock man. I have a tenth grade education.

On January 29, 1971, at about 10:00 in the evening I was in an automobile-pedestrian accident in the middle of a block on Jensen Drive which occurred when a fellow named David Nava who had been drinking heavily ran across the street in front of my car. I tried to avoid the accident but was not able to do so. The accident was solely the fault and responsibility and was caused by the acts of David Nava and not myself.

I understand that I have been sued by David Nava in Cause No. 874,229 and that a default judgment has been entered against me in the 152nd District Court. I further understand that the citation *indicats* that I was served personally on or about October 21, 1971. This is not true. No sheriff or constable has ever served any papers of any kind on me personally in this case. I first learned that there was a lawsuit when someone called me on Friday, November 19, 1971, and asked about the lawsuit. I do not remember the person's name who made this call. That weekend I looked to see if there were any suit papers at my house and on Sunday I found a petition. I do not know how this petition got in my house. I asked my wife and she had never been served with it and I am certain that I was not served with it. Most

likely, it was left in my mailbox and my kids brought in the petition with the mail and no one ever showed it to me.

I intended to take it to my insurance agent on November 22, but forgot and left it at home and finally took it to him on November 23, 1971.

It was only through *inadvertence* and mistake that these papers were not turned over to my insurance agent and an answer filed on my behalf. It certainly was not intentional that I did not have an answer to this lawsuit filed since the accident was certainly not my fault. Had I known that these papers had been left at my house sooner I would have taken some action immediately but no one ever showed them to me and I did not know there was any reason to look for the suit papers until someone called me about it as I indicated. Further, had I been served properly by the sheriff I most certainly would have turned the papers immediately over to my insurance agent and an answer would have been filed on time. In fact, had the sheriff served me properly or had I known about the suit papers being at my house earlier, an answer would have been filed before the answer date but it was for these reasons and not because of any conscious indifference that there was no answer on file.

Plaintiff responded to the foregoing affidavit and to defendant's motion. The trial court thereafter denied defendant's motion and it is from such action that the defendant perfects the instant appeal.

The defendant urges a single point of error which asserts that the trial court erred in failing to grant a new trial (a) because his motion alleged and proved facts showing a meritorious defense, (b) because his failure to timely file an answer was not intentional or the result of conscious indifference but was the result of a mistake or accident, and (c) because the motion was filed and heard at a time when the granting of such motion would occa-

sion no delay or cause injury to the plaintiff.

The plaintiff responds (a) that although the motion of the defendant alleges that he has a meritorious defense, the affidavit in support thereof fails to set up facts which set up a meritorious defense and only draws inferences and conclusions, and (b) that defendant's efforts to show that the failure to answer was not due to indifference or by intent was sought to be established by impeaching the return—and that defendant's impeachment evidence fails to establish a lack of service.

The instant case is one where the defaulting defendant has a "much less onerous" burden in that this is not a bill of review proceeding; it is rather a direct appeal from the judgment sought to be set aside. For purposes of this opinion it will be assumed that the defendant's motion showed that his failure to answer was not intentional or the result of conscious indifference, but was due to accident or mistake.

■ In speaking of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (Tex.Commn.App.1939, opinion adopted) Justice Calvert, in speaking for our Supreme Court, stated "This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The *motion* must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.Sup.1966). In the instant case the only part of defendant's affidavit which is directed toward any defense at all to plaintiff's cause of action is the second quoted paragraph. We hold it to be insufficient factually. We think it apparent that the affidavit, taken in its most favorable light, is but an allegation of conclusions. Ivy v. Carrell, supra.

There is an even more compelling consideration. Emphasized again is the fact that the only evidence of any nature which was presented in the trial court by the defendant, other than his unsworn motion, was his own single affidavit. The essential thrust of defendant's affidavit is to impeach the service of Deputy Constable Brown. Citing Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950), the defendant would attempt to supply the necessary corroborating facts and circumstances from his own affidavit. The Supreme Court there stated (p. 209):

"Were the denials of service by petitioners the only evidence before the court, then no issue should have been submitted to the jury, for, as held by the Court of Civil Appeals, the return of a sheriff on a citation may not be impeached by the uncorroborated testimony of the party or parties shown by the return to have been served. Gatlin v. Dibrell, 74 Tex. 36, 11 S.W. 908; Harrison v. Sharpe, Tex.Civ. App., 210 S.W. 731, error refused. But it is not required that the corroborating evidence be direct. It may be wholly circumstantial."

■■ The defendant is faced with the rule that a citation may not be impeached by the uncorroborated testimony of a single witness. Cortimiglia v. Miller, 326 S. W.2d 278 (Tex.Civ.App.—Houston 1959, no writ); Sgitcovich v. Oldfield, 220 S. W.2d 724 (Tex.Civ.App.—Galveston 1949, writ ref'd); Leibowitz v. San Juan State Bank, 409 S.W.2d 586 (Tex.Civ.App.—Corpus Christi 1966, no writ). He therefore attempts to supply corroboration by the facts and circumstances asserted in his own affidavit. This we believe to be prohibited for it presents no more than what has long been condemned "an oath against an oath". The defendant may not seek the necessary corroboration from his own affidavit.

Defendant's point of error is overruled and the judgment of the trial court is affirmed.