Oliver WARD, Petitioner,

v.

David NAVA, Respondent.

No. B–3582.

Supreme Court of Texas.

Dec. 13, 1972.

Rehearing Denied Jan. 17, 1973.

---

Lorance & Thompson, Larry D. Thompson, Houston, for petitioner.

Campbell & Lilly, Jerry J. Hamilton, Houston, for respondent.

PHILLIPS, Justice.

David Nava secured a default judgment in the amount of $25,000 against Oliver Ward on November 22, 1971. The parties will be referred to in this opinion by their last names. On December 2, 1971, Ward, through his attorneys, filed his motion to Set Aside Default Judgment And For New Trial. An amended motion was filed on December 13, 1971, elaborating somewhat on the matters set out in the original motion. An affidavit executed by Ward, attempting to set up a meritorious defense to the cause of action asserted by Nava and making excuses for not filing a timely answer, was attached to the amended motion. The motion was overruled by the trial court and Ward appealed. The Court of Civil Appeals affirmed. 483 S.W.2d 510.

Ward presents three grounds of error:

First, the Court of Civil Appeals erred in holding that circumstantial evidence to corroborate the impeachment of an officer's return may not come from the defendant himself.

Second, the judgment should have been set aside as Ward had a meritorious defense, and failure to answer was not the result of conscious indifference but was due to accident or mistake.

Third, the Court of Civil Appeals erred in holding the supporting affidavit accompanying the motion for new trial was factually insufficient.

■ We overrule the first point of error. The only evidence presented to support the contention made by Ward that he was not served was contained in the affidavit filed by him in connection with his motion. The record does not reflect that an evidentiary hearing was held for the presentation of testimony by witnesses, and we must look solely to the affidavit attached to the amended motion to either sustain or overrule the action of the trial court. Ward stated in this affidavit that he was not served in person; that on Friday, November 19, 1971, someone, whose name he did not remember, called and asked about the lawsuit. Ward did not elaborate as to the identity of the party calling nor did he state for what reason the party calling might have an interest in the case. As a result of the call, Ward began looking for the papers that were supposed to have been served on him. He found the petition in his house as a result of his search on Sunday, November 21, and presumed that it had originally been left in his mailbox. He forgot to take the papers the next day, but delivered them to his insurance agent the following day, November 23, 1971. By this time the default judgment had been entered.

■ The actions of Ward in searching for the papers and in promptly taking the papers to the insurance agent on their discovery constitute some corroborating evidence of Ward's contention that he had not been served. In a situation of this na-

ture, the question of lack of service is purely a question of fact which must be determined by the trier of the facts, and the testimony of the moving party alone, without corroborating facts or circumstances, is not sufficient to overcome the presumption that the officer's return on the citation was correct. As in any other fact issue, the burden was on Ward to establish his case by a preponderance of the evidence. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950). The trial judge presumably found in support of his order that the facts set out in the affidavit did not establish lack of service by a preponderance of the evidence. We cannot disturb this finding.

The second and third points of error will be discussed together. Ward, in his affidavit, states that after the telephone call on November 19, he instituted a search at his house for the papers in question. As a result of the search, he found the papers. He was unaware of having seen them prior to this time. He did not intend to ignore the citation nor neglect to file an answer. If he had been aware that he had been served, he would have turned the papers over to the insurance company, and it was only through inadvertence and mistake that they were not turned over to the insurance company so that an answer could be filed. When he discovered the papers, he did take them to his insurance agent within one day after their discovery. The record reflects that the papers were found the day before the entry of the default judgment and were turned over to the insurance agent, who immediately contacted the attorney the day after the entry of the default judgment, and a motion for new trial was filed within the time limit for filing such motion.

■■ We believe the above facts meet the "excuse" requirements established by Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939), and reaffirmed in Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966). If Ward "sets up" a merito-

rious defense in his motion for new trial and the supporting affidavit, he would then meet the rule established by *Craddock* and *Ivy* for granting a motion for new trial to set aside the default judgment.

In Ivy v. Carrell, supra, this Court said:

"The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."

The burden in this situation is much less onerous than the burden that would have been placed on him had he allowed the time for new trial to expire and sought relief in a bill of review proceeding.

Ward's motion states that the accident was caused "solely by the negligence of the Plaintiff when, in a drunken condition, he walked in front of Defendant's car in the middle of the block on a dark night." In his supporting affidavit, Ward avers that about 10:00 o'clock, in the evening of January 29, 1971, David Nava, who had been drinking heavily, ran across the street in the middle of the block, in front of Ward's car and that he, Ward, was unable to prevent the accident although he tried to do so.

■ Admittedly, the affidavit does not detail all of the facts relating to the occurrence of January 29. We hold, however, that there are sufficient facts in the affidavit to raise issues of negligence on the part of Nava, which could have been proximate causes of his injury. As there is no evidence that the granting of the motion for new trial in this cause would have created any delay in bringing this case to trial, or in any manner prejudiced the plaintiff's cause of action, the second and third points of error are sustained.

Ward has expressed willingness to proceed to trial any time this cause is properly set. Ward has also stated in his motion

that, if granted a new trial, he is willing to pay the expenses and costs of the hearing of this motion in the setting aside of such default judgment. These costs can be assessed against him by the trial court in a final judgment to be entered herein.

The judgments of the trial court and the Court of Civil Appeals are reversed, the default judgment heretofore granted against Ward and in favor of Nava is set aside, and this cause is remanded to the trial court to be set down for a trial on the merits. All costs of appeal are assessed against the respondent Nava.

Dissenting opinion by REAVLEY, J., in which WALKER and POPE, JJ., join.

REAVLEY, Justice (dissenting).

I agree with the majority that Ward has "set up" a meritorious defense. By his affidavit he has made the proof required of him on this score, since he need make only a prima facie showing. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S. W.2d 124 (1939); Ivy v. Carrell, 407 S. W.2d 212 (Tex.1966). My problem is with his proof of an excuse for failing to appear. It is not because he sets up an inadequate excuse; it is his failure to prove that his excuse of accident or mistake was in fact the reason for his failure to appear.

The proof in this record is as follows:

1. After an unsuccessful attempt by the Sheriff's office to serve Ward, the papers show a return on the citation signed by a deputy constable certifying that service was made on Oliver Ward on October 21, 1971 at 5 o'clock p.m. at 3822 Chickering Street. That address is the place of Ward's residence.

2. Oliver Ward by affidavit says:

I understand that I have been sued by David Nava in Cause No. 874,229 and that a default judgment has been entered against me in the 152nd District Court. I further understand that the citation indicats (sic) that I was served personally on or about October 21, 1971. This is not true. No sheriff or constable has ever served any papers of any kind on me personally in this case. I first learned that there was a lawsuit when someone called me on Friday, November 19, 1971, and asked about the lawsuit. I do not remember the person's name who made this call. That weekend I looked to see if there were any suit papers at my house and on Sunday I found a petition. I do not know how this petition got in my house. I asked my wife and she had never been served with it and I am certain that I was not served with it. Most likely, it was left in my mailbox and my kids brought in the petition with the mail and no one ever showed it to me.

I intended to take it to my insurance agent on November 22, but forgot and left it at home and finally took it to him on November 23, 1971.

It was only through inadvertence and mistake that these papers were not turned over to my insurance agent and an answer filed on my behalf. It certainly was not intentional that I did not have an answer to this lawsuit filed since the accident was certainly not my fault. Had I known that these papers had been left at my house sooner I would have taken some action immediately but no one ever showed them to me and I did not know there was any reason to look for the suit papers until someone called me about it as I indicated. Further, had I been served properly by the sheriff I most certainly would have turned the papers immediately over to my insurance agent and an answer would have been filed on time. In fact, had the sheriff served me properly or had I known about the suit papers being at my house earlier, an answer would have

been filed before the answer date but it was for these reasons and not because of any conscious indifference that there was no answer on file.

It has not been the law that a trial judge must grant a new trial upon the setting up of an excuse—whether or not the excuse set up was in fact the explanation for the failure to appear. I agree with those courts which allow the trial judge to determine the truth of the circumstances and of the defendant's mental attitude and reasons for not appearing. Young v. Snowcon, Inc., 463 S.W.2d 225 (Tex.Civ.App.1971, no writ); Griffin v. Duty, 286 S.W.2d 229 (Tex.Civ.App.1956, no writ).

Was Ward served by the constable or did the citation come in with the mail and lie around his house unseen for a month? And how was it that the nameless caller precipitated a search for the papers—at Ward's home, of all places—instead of an attempt to file an appearance, since there was still time for that appearance? I submit that the trial judge was entitled to disbelieve Ward on this record and to conclude either that he proved no excuse or that the record indicated that he was served personally on October 21 and then failed to appear because of conscious indifference.

The majority regard the question of personal service as one of fact which the trial judge is entitled to decide. They regard the personal service upon Ward on October 21 as established. Then what excuse has Ward set up for his inaction until November 19? And why must the other statements of Ward be assumed to be true fact in the face of the trial court's contrary determination?

I would affirm the trial court's judgment.

WALKER and POPE, JJ., join in this dissent.