**GENERAL PORTLAND, INC., et al., Appellants,**

v.

**Mary COLLINS et vir., Appellees.**

**No. 17813.**

Court of Civil Appeals of Texas, Fort Worth.

March 25, 1977.

Rehearing Denied May 5, 1977.

McBryde, Bogle & Green, and John H. McBryde, Fort Worth, for appellants.

Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

This is an appeal from a default judgment in favor of Mary Collins and husband, Richard Collins (Mary and Richard), in the amount of $75,000.00 against General Portland, Inc. (Portland) and Walter Owen Hedges (Hedges) arising out of a truck-automobile accident on December 6, 1973. The judgment was signed April 12, 1976, following a hearing on April 9, 1976. Mary and Richard filed their original petition in this suit on October 28, 1975.

Portland and Hedges filed original answers in the suit on April 14, 1976. They filed an amended answer and a motion for new trial on April 15, 1976. On May 4, 1976, they filed an amended motion for new trial. Trial court heard the amended motion on May 28, 1976, and on June 4, 1976, overruled such motion. Appeal was perfected.

We reverse and remand.

Portland and Hedges appeal on the legal grounds that the proof was not sufficient in the default hearing to support even a default judgment.

They also appeal in equity saying that they proved adequate grounds to excuse their failure to file an answer in time and that the trial court abused its discretion in not setting aside the default judgment.

We will not go into the facts or the law involved in the first 14 points of error filed covering above mentioned legal grounds. We conclude that they are without merit and they are overruled.

We find the equitable grounds urged in points of error Nos. 15 and 16 to be sufficient for reversal of the judgment entered by the trial court.

The facts leading up to and resulting in the default judgment rendered by the trial court reflect an obvious attempt by all parties to resolve their differences without a suit being filed. Attorneys for Collins conferred with Benny George, the adjuster, for nearly two years without serious effort to settle being made by either set of parties. Suit was finally filed to avoid the statute of limitations, a fact which was frankly admitted by attorney for the Collinses, with an invitation to George to continue consideration of settlement.

Just a few days before this suit was finally filed, the Collinses filed suit for an accident which occurred in 1975 (two years later than the accident involved here). The Collinses settled the matters involved in the latter accident.

The Collinses did not commence giving medical information to Portland and Hedges until late 1975, although the record reflects that numerous requests were made for such by George.

Neither Portland nor Hedges filed an answer, nor did they turn the file over to their attorney until after the default judgment was rendered. Parties had a mutual agreement that no answer need be filed pending negotiations. (Peebles, by letter of November 7, 1975, told George that he would give 20 days notice for filing answer.) George requested this arrangement to save money by not filing an answer. Various doctors' reports were delivered by Peebles. An exchange of several letters between Peebles and George (indicating that Peebles wanted an offer and George wanted more medical) culminated in Peebles' letter of March 2, 1976, giving 20 days notice to George to file an answer. On March 25, 1976, time was extended for two weeks, and on March 31, 1976, Peebles sent more doctors' reports. April 9, 1976, testimony was taken and de-

fault judgment rendered. Same date, George mailed the citations and copies of petitions in this cause to Portland's and Hedges' attorneys. Their Original Answer was filed on April 14, 1976.

Portland and Hedges claim that the failure to answer was on account of a mistake: George's assumption that there would be no immediate default taken before Portland's and Hedges' attorney could file an answer. In the light of the protracted negotiations and attempts to arrive at a settlement between the parties we find no conscious indifference on his part and certainly not on the part of the parties he represented; nor do we find he intended that a default be taken. We also find that a meritorious defense was alleged in the Motion For New Trial and the affidavit of Hedges attached thereto. In the welter of conclusions there were woven enough fact statements to "set up" a meritorious defense to the Original Petition. The Motion For New Trial was filed three days after the Judgment was entered, at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiffs. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939); *City of San Antonio v. Garcia,* 243 S.W.2d 252 (Tex.Civ.App.—San Antonio 1951, error ref'd); *Ward v. Nava,* 488 S.W.2d 736 (Tex.1972); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

As late as March 31, 1976, Peebles wrote George: "Please try to make an objective evaluation of this case in the very near future, so we can either settle the case or *prepare it for trial*" (emphasis ours). This might well indicate lack of intention to take default, supporting George's interpretation of the agreement.

In their motion, Portland and Hedges offered to reimburse plaintiffs for all their expenses incurred in taking the default judgment.

For the reasons stated, we reverse the judgment of the Trial Court and remand for a trial on the merits.

MASSEY, C. J., dissenting.

MASSEY, Chief Justice, dissenting.

This majority have concluded propriety of reversal and remand on the equitable ground that there was abuse of discretion by the trial court in refusing to grant the timely filed motion for new trial. As I understand their opinion they have held error by the trial court because there was *prima facie* evidence that the failure to file a Defendants' Answer before the Plaintiffs' default judgment was rendered was not due to conscious indifference to attend obligations which were understood as necessary to prevent the judgment. They deem mere *prima facie* evidence compelling and controlling so that abuse of discretion resulted by the trial court's refusal to grant new trial.

The leading case found by the majority as authority was *Ward v. Nava,* 488 S.W.2d 736 (Tex.Sup.1972). I confess I am unable to understand the action of the Supreme Court in that case. It commanded new trial where there had been a trial court's refusal to grant such in a case in which there had not been evidence before the trial court at time of its order refusing new trial; where the only presentation was the affidavit of the defendant explaining his failure to file answer, attached to the motion for new trial (I have thought such done in order to establish right to produce evidence upon the hearing of the motion for new trial); and where, even if the affidavit be proper to be considered as evidence, I would think the affiant's credibility would be for the court.

I am inclined to doubt propriety of the grant to a defendant the conclusive presumption that by the mere verification of his affidavit that his failure to file answer in a suit against him was not due to his conscious indifference plus further verification that he had taken action in searching his home for the citation (which the Supreme Court majority thought sufficient corroboration), without producing testimony subject to cross-examination, so as to compel the grant of new trial. Nevertheless, I submit to the authority of the deci-

sion in *Ward v. Nava*, though I consider it controlling upon a trial court only where— (1) premise for motion for new trial is ignorance that there was a suit, and (2) no counter affidavits are filed, and/or (3) only where there is complete absence of any evidence at the hearing on the motion.

In the instant case it was the adjuster for an insurance company, which by contract stood in the stead of appellants in aspects necessary to be considered, who was responsible for absence of a timely filed answer. His affidavit was attached to the motion for new trial. Unlike the circumstances in *Ward v. Nava* the defendant, represented by the adjuster, appeared and testified upon the hearing on the motion.

I would hold the adjuster's credibility material. In this case the truth of the facts to which he testified could not be said to have been established because of any want of evidence in contradiction. His evidence was on state of mind known only to himself. Further, and even if the trial court was obliged to accord credibility, the fact of the adjuster's intentional delay in employing and directing an attorney to file an answer was proved by his own testimony. The very day default judgment was taken was the day he mailed his letter to an attorney in another city. It was by this letter that the attorney was employed to represent the appellants. The attorney could not have filed an answer in time to prevent default judgment if the appellees exercised rights to which the adjuster had agreed. The adjuster knew and understood the fact. He either intended to do what he did do or was consciously indifferent to whether the attorney employed would have time to file an answer to foreclose appellees' entitlement. At least the trial court was entitled to so conclude. I perceive no abuse of discretion by the trial court in refusing to grant a new trial.

I would affirm the judgment.