# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00158-CV

**Fredia M. Alexander, Appellant**

**v.**

**Allan A. Alexander, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 228,038-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fredia Alexander appeals from the trial court's denial of her petition for bill of review in connection with the final decree in her divorce from Allan Alexander. Both Fredia and Allan represent themselves pro se on appeal.[1] We affirm the trial court's judgment.

## BACKGROUND

On October 2, 2006, the Bell County district court signed a final decree in the parties' divorce, rendered by default with respect to Fredia. According to Fredia, she first learned of the default divorce decree after receiving a text message from Allan sometime around January 2007, causing her to contact the Bell County clerk's office and learn that she was, in fact, divorced. On February 13, 2008, Fredia filed her petition for bill of review, asserting that she was not served with process and had no notice of the divorce action.

---

[1] We will refer to the parties by their first names to avoid confusion.

At the bill-of-review hearing, Allan offered into evidence a return of service from a New York-based process server, stating that Fredia was served on August 26, 2006 at 7:48 a.m., at an address in Bronx, New York. The document is signed and sworn to by Robert Crandall, the individual purporting to have served Fredia.

Fredia testified, however, that she was never served. She conceded that the address listed on the return of service was her mother's address and that she had been living with her mother at that address in early 2006, but explained that she had moved out of her mother's home in July 2006.[2] She further testified that Allan was aware that she no longer lived at her mother's address at the time she was allegedly served, but that he could not have known her new address because she had refrained from giving it to him out of concern for her physical safety.

At the conclusion of the hearing, the trial court denied Fredia's petition for bill of review. This appeal followed.

**STANDARD OF REVIEW**

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). In order to prevail, a bill-of-review plaintiff claiming that she was not served must prove "that the judgment was rendered unmixed with any fault or negligence of [her] own." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).[3] Because an

---

[2] This statement is consistent with a lease agreement entered into evidence at the bill-of-review hearing.

[3] In bill-of-review cases in which the plaintiff does not allege a lack of service, the plaintiff must also plead and prove "a meritorious defense to the underlying cause of action" that he was

2

individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered, proof of non-service conclusively establishes that the plaintiff is entitled to relief. *Id.*

In reviewing the denial of a bill of review, we indulge every presumption in favor of the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## DISCUSSION

Fredia's five issues on appeal can be summarized as a single argument that the trial court erred in determining that she was properly served. She maintains that she was never served with process and that she did not reside at the address listed on the return at the time of the alleged service. As an initial matter, we note that it was not necessary for Fredia to be served with process at her place of residence. *See* Tex. R. Civ. P. 106(b) (stating that alternative methods of service may be allowed if attempts at service by personal delivery or mail have been unsuccessful at "defendant's usual place of business or usual place of abode *or other place where the defendant can probably be found*") (emphasis added).

---

"prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Because Fredia's petition for bill of review is based solely on her allegation of non-service, these elements are not at issue.

In support of her argument, Fredia argues that the return of service is defective because it does not include a "legible signature" or a certified mail receipt. Return of service is governed by Rule 107 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 107. The return must state "when the citation was served and the manner of service and be signed by the officer officially or by the authorized person." *Id.* The return in the present case fulfills these requirements, stating that the citation was served at 7:48 a.m. on August 26, 2006, by personal delivery to Fredia Alexander. The return also provides a description of Fredia, which she testified was accurate. While Rule 107 does require a return receipt with the addressee's signature if the citation is served by registered or certified mail, the return in this case unequivocally states that the method of service was personal delivery, as opposed to registered or certified mail, and therefore no return receipt or signature by the addressee was required. *See id.* Finally, the return in this case is signed by the process server and sworn to as required by Rule 107. While it is true that the process server's signature is difficult to decipher, there is no requirement in the rules of civil procedure that the signature must be legible in order to be valid.

Fredia also raises a complaint that the "affidavit is completely blank," presumably in reference to an argument made by her counsel at the bill-of-review hearing, in which he argued that the return was improper because "there's not an affidavit of service on the back." Her counsel further stated, "If there was an affidavit of service and it's blank, I'm curious, but we don't have any kind of business records from the process server." In response, Allan's counsel argued, "[W]e have a sworn affidavit that's filed with the Court that says that he . . . served Ms. Alexander on that day at that address, has been sworn to, there's nothing on the back that [sic] any affidavit of service. This is sworn. This is a sworn to document, Your Honor." The record reflects that the return of service

4

is in fact a sworn document complying with Rule 107. It is therefore immaterial that there is no additional "affidavit of service."

A claim of lack of service is a question of fact that must be resolved by the trier of fact. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). In this case, the trial court, acting as trier of fact, found in favor of Allan on the issue of whether Fredia was properly served. In addition, a return of service "has long been considered prima facie evidence of the facts recited therein." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *see also Ward*, 488 S.W.2d at 738 ("[T]he testimony of the moving party alone, without corroborating facts or circumstances, is not sufficient to overcome the presumption that the officer's return on the citation was correct."). The return of service in this case states that Fredia was served at her mother's address on August 26, 2006 at 7:48 a.m. In the face of this evidence, and the lack of any evidence to the contrary other than Fredia's testimony, we cannot conclude that the trial court abused its discretion in denying her petition for bill of review.

## CONCLUSION

We affirm the trial court's judgment denying the bill of review.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: February 19, 2010