TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00158-CV






Fredia M. Alexander, Appellant


v.


Allan A. Alexander, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 228,038-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Fredia Alexander appeals from the trial court's denial of her petition for bill of review
in connection with the final decree in her divorce from Allan Alexander. Both Fredia and Allan
represent themselves pro se on appeal. (1) We affirm the trial court's judgment.


BACKGROUND

 On October 2, 2006, the Bell County district court signed a final decree in the parties'
divorce, rendered by default with respect to Fredia. According to Fredia, she first learned of the
default divorce decree after receiving a text message from Allan sometime around January 2007,
causing her to contact the Bell County clerk's office and learn that she was, in fact, divorced. On
February 13, 2008, Fredia filed her petition for bill of review, asserting that she was not served with
process and had no notice of the divorce action. 

 At the bill-of-review hearing, Allan offered into evidence a return of service from a
New York-based process server, stating that Fredia was served on August 26, 2006 at 7:48 a.m., at
an address in Bronx, New York. The document is signed and sworn to by Robert Crandall, the
individual purporting to have served Fredia. 

 Fredia testified, however, that she was never served. She conceded that the address
listed on the return of service was her mother's address and that she had been living with her mother
at that address in early 2006, but explained that she had moved out of her mother's home in
July 2006. (2) She further testified that Allan was aware that she no longer lived at her mother's
address at the time she was allegedly served, but that he could not have known her new address
because she had refrained from giving it to him out of concern for her physical safety.

 At the conclusion of the hearing, the trial court denied Fredia's petition for bill of
review. This appeal followed.


STANDARD OF REVIEW

 A bill of review is an equitable proceeding to set aside a judgment that is not void on
the face of the record but is no longer appealable or subject to a motion for new trial. King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). In order to prevail, a bill-of-review plaintiff
claiming that she was not served must prove "that the judgment was rendered unmixed with any fault
or negligence of [her] own." Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). (3) Because an
individual who is not served with process cannot be at fault or negligent in allowing a default
judgment to be rendered, proof of non-service conclusively establishes that the plaintiff is entitled
to relief. Id.

 In reviewing the denial of a bill of review, we indulge every presumption in favor of
the trial court's ruling, which will not be disturbed unless it is affirmatively shown that there was an
abuse of judicial discretion. Interaction, Inc. v. State, 17 S.W.3d 775, 778 (Tex. App.--Austin 2000,
pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without
reference to guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985).


DISCUSSION


 Fredia's five issues on appeal can be summarized as a single argument that the trial
court erred in determining that she was properly served. She maintains that she was never served
with process and that she did not reside at the address listed on the return at the time of the alleged
service. As an initial matter, we note that it was not necessary for Fredia to be served with process
at her place of residence. See Tex. R. Civ. P. 106(b) (stating that alternative methods of service may
be allowed if attempts at service by personal delivery or mail have been unsuccessful at "defendant's
usual place of business or usual place of abode or other place where the defendant can probably be
found") (emphasis added). 

 In support of her argument, Fredia argues that the return of service is defective
because it does not include a "legible signature" or a certified mail receipt. Return of service is
governed by Rule 107 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 107. The return
must state "when the citation was served and the manner of service and be signed by the officer
officially or by the authorized person." Id. The return in the present case fulfills these requirements,
stating that the citation was served at 7:48 a.m. on August 26, 2006, by personal delivery to
Fredia Alexander. The return also provides a description of Fredia, which she testified was accurate. 
While Rule 107 does require a return receipt with the addressee's signature if the citation is served
by registered or certified mail, the return in this case unequivocally states that the method of service
was personal delivery, as opposed to registered or certified mail, and therefore no return receipt or
signature by the addressee was required. See id. Finally, the return in this case is signed by the
process server and sworn to as required by Rule 107. While it is true that the process server's
signature is difficult to decipher, there is no requirement in the rules of civil procedure that the
signature must be legible in order to be valid.

 Fredia also raises a complaint that the "affidavit is completely blank," presumably
in reference to an argument made by her counsel at the bill-of-review hearing, in which he argued
that the return was improper because "there's not an affidavit of service on the back." Her counsel
further stated, "If there was an affidavit of service and it's blank, I'm curious, but we don't have any
kind of business records from the process server." In response, Allan's counsel argued, "[W]e have
a sworn affidavit that's filed with the Court that says that he . . . served Ms. Alexander on that day
at that address, has been sworn to, there's nothing on the back that [sic] any affidavit of service. This
is sworn. This is a sworn to document, Your Honor." The record reflects that the return of service
is in fact a sworn document complying with Rule 107. It is therefore immaterial that there is no
additional "affidavit of service."

 A claim of lack of service is a question of fact that must be resolved by the trier of
fact. Ward v. Nava, 488 S.W.2d 736, 738 (Tex. 1972). In this case, the trial court, acting as trier of
fact, found in favor of Allan on the issue of whether Fredia was properly served. In addition, a return
of service "has long been considered prima facie evidence of the facts recited therein." Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); see also Ward, 488 S.W.2d
at 738 ("[T]he testimony of the moving party alone, without corroborating facts or circumstances,
is not sufficient to overcome the presumption that the officer's return on the citation was correct."). 
The return of service in this case states that Fredia was served at her mother's address on
August 26, 2006 at 7:48 a.m. In the face of this evidence, and the lack of any evidence to the
contrary other than Fredia's testimony, we cannot conclude that the trial court abused its discretion
in denying her petition for bill of review.


CONCLUSION

 We affirm the trial court's judgment denying the bill of review.


 __________________________________________

 Diane M. Henson, Justice 

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: February 19, 2010
1. We will refer to the parties by their first names to avoid confusion.
2. This statement is consistent with a lease agreement entered into evidence at the bill-of-review hearing.
3. In bill-of-review cases in which the plaintiff does not allege a lack of service, the plaintiff
must also plead and prove "a meritorious defense to the underlying cause of action" that he was
"prevented from making by the fraud, accident or wrongful act of the opposing party or official
mistake." Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). Because Fredia's petition for bill
of review is based solely on her allegation of non-service, these elements are not at issue.