**AFFIRMED and Opinion Filed November 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01208-CV

**ROY D. MITCHELL, Appellant**
**V.**
**CITY OF DALLAS, Appellee**

On Appeal from the 116th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-09853

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Reichek
Opinion by Justice Reichek

Roy D. Mitchell appeals the trial court's denial of his petition for bill of review seeking to set aside a default judgment against him. In three issues, appellant contends the trial court erred by excluding a document examiner's letter, denying his motion for continuance, and denying the bill of review when he allegedly showed that he was not properly served with process. After considering appellant's arguments and the record, we conclude his issues are without merit. Accordingly, we affirm the trial court's judgment.

FACTUAL BACKGROUND

The City of Dallas sued Judy Mitchell Hammond and Ronnie Kenneth Johnigan in Cause No. DC-16-01661 for unpaid utilities on commercial property that Hammond leased to Johnigan. Hammond answered the suit, cross-claimed against Johnigan, and filed a third-party claim against

appellant. The third-party claim against appellant concerned a 2014 eviction suit involving the same property in which Hammond received a judgment against Johnigan. Specifically, the third-party claim alleged that appellant was a surety for Johnigan's appeal bond in that suit. The return of service on appellant was filed with the trial court seventeen days later. It showed that appellant was personally served by Maurice Burton, Sr., a private process server, at 7:00 p.m. on March 23, 2016 at 3815 N. Westmoreland, Dallas, Texas, 75212, which was the same address listed for appellant on the November 2014 appeal bond.

When appellant did not answer the lawsuit, the trial court granted an interlocutory default judgment against him on March 27, 2017. The judgment was made final three days later. The judgment held appellant liable for actual damages of $10,000, $500 in attorney's fees, costs, and post-judgment interest. One week later, Hammond assigned the judgment she obtained against appellant to the City of Dallas.

On August 11, 2017, appellant filed a petition for bill of review, which he subsequently amended, seeking to set aside the judgment against him. In his amended petition, appellant asserted that he learned of the judgment in June 2017 but was never properly served with the lawsuit. He alleged that he has never lived at 3815 N. Westmoreland and was never personally served. He further alleged the property was occupied by Alfredo Guzman, who had lived at the address since 2008. Appellant also alleged that his signature on the appeal bond was forged.

Prior to trial, the parties stipulated to the truth of many of the underlying facts of the case, including that appellant had owned 3815 N. Westmoreland St., Dallas, Texas, 75212 from "August 10, 2006 through the present date" and was sued by Hammond. The parties further stipulated to several exhibits, including the return of service on appellant, a certified copy of a warranty deed conveying 3815 N. Westmoreland to appellant in August 2006, a certified copy of the default judgment and the assignment of the judgment against appellant to the City, and a "contract for

–2–

deed" attached to appellant's amended petition for bill of review showing the conveyance of the Westmoreland property to Alfredo Guzman on February 20, 2008. The stipulations were signed by appellant and the attorney for the City of Dallas.

The bill of review proceeded to trial on October 8, 2018. Appellant represented himself. Before any evidence was taken, the City moved to exclude (1) two affidavits from appellant's co-workers that appellant believed would show that he could not have been served at the date and time stated on the return of service and (2) a letter from a handwriting analyst regarding the signature on the surety bond. The affiants and handwriting expert were not present at trial. The City objected that the affidavits were hearsay, covered time periods not relevant to the date set out in the return of service, and were facially defective because they did not state they were true and based on personal knowledge of the facts and did not contain a jurat showing they were sworn to by an authorized officer. As for the handwriting document, the City argued that appellant had not timely disclosed the name of the expert or the document in answer to an interrogatory and the document was hearsay. The trial court sustained the objections and excluded the evidence. Appellant then moved for a continuance, which the trial court denied.

Appellant then testified he was not served, had never lived at 3815 North Westmoreland in Dallas, and sold the property on a contract for deed to Alfredo Guzman.[1] Contrary to his previous stipulation, appellant said the location had "never been" his property and that he was never there. The contract for deed that had been stipulated as an exhibit was admitted into evidence. The City offered the remaining exhibits listed in the agreed stipulations, and the trial court admitted them. At the conclusion of the evidence, the trial court granted a take-nothing judgment in the City's favor and determined the judgment in the underlying suit was valid. This appeal followed.

---

[1] Although the record does not show that appellant was sworn in as a witness, the City did not object. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam) (explaining that opponent of testimony can waive oath requirement by failing to object when opponent knows or should know objection is necessary).

DENIAL OF CONTINUANCE

In his first issue, appellant contends the trial court abused its discretion in denying his oral motion for continuance after excluding his evidence.  As legal support, he provides a general citation to Texas Rule of Civil Procedure 193.6(c)

Under rule 193.6(c), a trial court has discretion to grant a continuance or temporary postponement of trial to allow additional discovery, even in those circumstances where the proponent fails to meet its burden of establishing good cause, lack of unfair surprise, or unfair prejudice.  *See* TEX. R. CIV. P. 193.6(c).  The trial court's ruling under rule 193.6 should not be disturbed absent an abuse of discretion.  *Id*.  In making this determination, we consider the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought.  *Carlton v. Stewart*, No. 05-05-00888-CV, 2006 WL 894879, at *3 (Tex. App.—Dallas Apr. 7, 2006, pet. denied) (mem. op.).

Here, appellant has not analyzed any of these factors within the context of this case.  Rather, appellant generally asserts he was entitled to a continuance because he is not a practicing attorney and was unfamiliar with the rules.  But, as the trial judge explained when she denied his continuance, the requirements of the rules of civil procedure apply with equal force to attorneys and self-represented litigants.  *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that "pro se litigants are not exempt from the rules of procedure" and warning that "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel").  Moreover, the case had been on file for almost fourteen months at the time of trial.  It was previously continued for four months by agreement of the parties, who also agreed to a new scheduling order setting out the various discovery deadlines.  Nevertheless, appellant failed to respond to the City's request for

–4–

disclosure nor did he procure the attendance of his witnesses for trial. Under these circumstances, we conclude the trial court did not abuse its discretion in denying appellant's motion for continuance. We overrule the first issue.

DENIAL OF BILL OF REVIEW

In his second issue, appellant contends the trial court erred in denying his bill of review because he was not properly served.

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes (Caldwell II)*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). We review the denial of a bill of review for an abuse of discretion. *Ramsey v. Davis*, 261 S.W.3d 81, 815 (Tex. App.—Dallas 2008, no pet.).

Generally, a party seeking a bill of review must allege and prove that (1) he had a meritorious defense to the underlying cause of action, (2) which he was prevented from making because of fraud, accident, or a wrongful act by the opposite party, (3) that was untainted by any fault or negligence of his own. *Caldwell II*, 154 S.W.3d at 96. When a bill of review is based solely on a claim of non-service, however, the bill of review plaintiff is only required to prove the third element. *Id.* at 96–97. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered; therefore, the third element is conclusively established if the bill of review plaintiff proves non-service. *Id.* at 97 (citing *Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998)). The burden is on the bill of review plaintiff to show by a preponderance of the evidence that he was not served. *Id.* at 98.

An officer's return is prima facie evidence of the facts of service, regardless of whether those facts are recited in a form or filled in by the officer. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994). "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id.* at 152

(citing *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972)). Accordingly, "the testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served." *Caldwell II*, 154 S.W.3d at 97 n.3.

Here, the evidence showed that, in cause number DC-16-01661, appellant was personally served with citation and Hammond's answer, counterclaims, and third-party claim by a certified process server at 3815 N. Westmoreland at 7 p.m. on March 23, 2016. The officer's return is prima facie evidence of the facts of service. Although appellant testified he was not served at that address, there was no other evidence to corroborate that statement. Although he admitted an unrecorded contract for deed showing a conveyance of the Westmoreland property to Alfredo Guzman in 2008, this document does not corroborate his testimony that he was not served at the location. Moreover, appellant stipulated that he has owned 3815 N. Westmoreland since August 10, 2006, and in the November 3, 2014 appeal bond, appellant listed his address as 3815 N. Westmoreland. Having reviewed the evidence, we cannot conclude the trial court abused its discretion by impliedly finding that appellant was properly served with the underlying suit. We overrule the second issue.

EXCLUSION OF DOCUMENT EXAMINER LETTER

In his third issue, appellant complains the trial court erred in excluding the letter by his handwriting expert, arguing he did not sign the surety bond that "ties him to this case." Within his issue, however, appellant has not briefed the two grounds upon which the trial court excluded this evidence. Rather, appellant focuses on the denial of his oral motion for continuance, an issue we have already found against him. Having failed to challenge either basis upon which the evidence was excluded, appellant has not shown reversible error. *See Malone v. Foster*, 956 S.W.2d 573, 579 (Tex. App.—Dallas 1997) (explaining that appellant waives error by not challenging all possible grounds for trial court's ruling to exclude evidence), *aff'd on other grounds,* 977 S.W.2d

562 (1998). Even if he had preserved his issue, the letter was an out-of-court statement offered for the truth of the matter asserted, i.e., that someone other than appellant signed his name on the appeal bond. As such, the letter was properly excluded as hearsay. See Tex. R. Evid. 801(d). We overrule the third issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

181208F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROY D. MITCHELL, Appellant

No. 05-18-01208-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-09853.
Opinion delivered by Justice Reichek; Chief Justice Burns and Justice Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellant ROY D. MITCHELL.

Judgment entered November 20, 2019.