**Affirmed and Memorandum Opinion filed June 10, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00501-CV

### JAVIER LOJO, Appellant

### V.

### MYRTLE CONSULTING GROUP LLC, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-84847**

## MEMORANDUM OPINION

In four issues, appellant Javier Lojo appeals the trial court's denial by operation of law of his motion to dismiss the claims against him under the Texas Citizens Participation Act (TCPA).[1] Concluding that the TCPA does not apply, we affirm.

---

[1] The TCPA was amended effective September 1, 2019; the version applicable here predates the amendment. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-27.011 (amended by Acts 2019, 86th Leg., ch. 378 (H.B. 2730), § 1, eff. Sept. 1, 2019).

## *Background*

Lojo was a business development executive for appellee Myrtle Consulting Group LLC, an operations consulting firm. As part of his employment, Lojo signed a confidentiality and non-compete agreement with Myrtle. During his employment with Myrtle, Lojo had meetings with Ecopetrol S.A., a Columbian petroleum company, to discuss potential consulting services to be provided by Myrtle.

Shortly after conducting these meetings, Lojo resigned from his position at Myrtle. A representative from Myrtle later learned that Ecopetrol had signed a consulting contract with a company called Resulting Partners. Resulting Partners was formed by Lojo under the name "Javier Rodriguez" four days after Lojo began employment with Myrtle.[2]

According to Myrtle, Lojo improperly solicited consulting work from or performed consulting work for Ecopetrol on behalf of Resulting Partners, relying on Myrtle's proprietary and confidential information and intellectual property. Myrtle sued Lojo for breaches of the confidentiality and non-compete agreement and federal and state trade secrets laws, conversion, and tortious interference with existing and prospective contracts. Lojo moved to dismiss the lawsuit under the TCPA. The motion was denied by operation of law, and Lojo brought this interlocutory appeal.

## *Discussion*

Lojo challenges the denial of his motion to dismiss on the grounds that (1) the claims against him are encompassed by the TCPA because the claims are based on, related to, or in response to the exercise of the rights to free speech and of association; (2) Myrtle did not establish by clear and convincing evidence a

---

[2] Lojo's full name is Javier Rodriguez Lojo.

prima facie case for each essential element of its claims; and (3) the trial court erred in failing to sustain Lojo's objections to the evidence offered by Myrtle. Myrtle contends that the TCPA motion was untimely. We conclude that the motion was timely but Lojo did not meet his burden to establish the TCPA applies. We do not address Lojo's remaining issues.

## I.    Timeliness

A TCPA motion to dismiss "must be filed not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code § 27.003(b). Myrtle contends Lojo was served with the lawsuit on December 26, 2018, and thus the motion, which was filed on March 1, 2019, was untimely. According to Lojo, he was not served until January 2, 2019, and his motion was therefore timely.

The recitations in the return of citation state that the original petition was served on December 26, 2018 on "Javier Rodriguez." Myrtle contends that "Javier Rodriguez" refers to Lojo. Lojo asserts that service did not occur until January 2, 2019 when the citation and petition were purportedly improperly served on his brother, Carlos Rodriguez Lojo. The trial court concluded that "proper service of citation had not been accomplished on Javier Lojo because of a defect in the return of citation" and the TCPA motion was timely filed.

Recitations in a return of citation are prima facie evidence of the facts recited in the return, creating the presumption that proper service was effected. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Harvestons Sec., Inc. v. Narnia Investments, Ltd.*, 218 S.W.3d 126, 133 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). To defeat this presumption, a defendant must corroborate his claim denying service with evidence of supporting facts and circumstances. *Kapur v. U.S. Bank Nat'l Ass'n*, No. 14-19-00842-CV, 2021 WL 388475, at *4 (Tex. App.—Houston [14th Dist.] Feb. 4, 2021, no pet.) (mem. op.) (citing *Ward v.*

3

*Nava*, 488 S.W.2d 736, 738 (Tex. 1972)). The corroborating circumstances may consist entirely of circumstantial evidence but must derive from a source other than the defendant who challenges service. *Id.* (citing *Flores v. Sonic Auto. of Tex., L.P.*, No. 14-12-00722-CV, 2013 WL 5776077, at *3 (Tex. App.—Houston [14th Dist.] Oct. 24, 2013, pet. denied) (mem. op.)).

We review the trial court's service determination for an abuse of discretion. *See Grant v. Wilson*, No. 14-11-00320-CV, 2012 WL 170873, at *1 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (mem. op.) (involving challenge to service of citation in bill of review); *Reed v. Cty. of Tarrant*, No. 02-11-00285-CV, 2012 WL 1868561, at *2-3 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op.) (same). An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Grant*, 2012 WL 170873, at *1; *Reed*, 2012 WL 1868561, at *3.

Here, Lojo presented corroborated evidence of nonservice prior to January 2, 2019. Along with his own declaration, he presented declarations from two witnesses and an email from Myrtle's counsel. Myrtle's counsel conceded that the process server did not remember the exact date of service but stated that the process server did "remember the service and had no reason to enter an incorrect date and time." Lojo attested that he was not served with papers on December 26, 2018 and that he remembered that day clearly "as it was the day after Christmas." Lojo's wife, Emma Guerrero Pena, corroborated Lojo's statement that no legal papers were served at their home that day.

Lojo also stated that on January 2, 2019, he left his house for a jog, while his son, wife, and brother Carlos were at the house. Lojo's house was in a gated

community with a guard station. When Lojo returned from his jog, his wife informed him that a man had been by the house and spoken with Carlos. Carlos then went to the guard station to inquire about the man. Lojo met Carlos at the guard station, and when they returned, service papers had been left on the doorstep.

Carlos attested that on January 2, 2019, he was staying with Lojo and that while Lojo was on a jog that afternoon, a man knocked on the door with papers in his hand. Carlos answered the door. The man asked if Carlos was Javier Lojo. Carlos said no and identified himself as Carlos Rodriguez. Carlos closed the door and told Lojo's wife about the interaction. Carlos then decided to go to the guard station to ask about the man. The man was still outside holding the papers when Carlos left the house. While Carlos spoke with the guard, Lojo came to the guard station. When Carlos and Lojo returned to the house, service papers had been left on Lojo's doorstep. Pena corroborated Lojo's and Carlos's accounts of that day.

Because Lojo presented some evidence corroborating his allegation that he was not served with the petition and citation until January 2, 2019, he rebutted the presumption in the return of service that service was effected on December 26, 2018. *See Flores*, 2013 WL 5776077, at *3; *see also In re Spiller*, 303 S.W.3d 426, 432–33 (Tex. App.—Waco 2010, no pet.). We turn to the evidence presented by Myrtle.

Myrtle presented an affidavit from the process server, David Frier, stating that he went to Lojo's house on December 26, 2018. A man who answered the door denied that he was Lojo. Frier said he walked back to his car but then decided the man was not telling the truth, returned to the front door, and left the service papers there. The man came out, picked up the papers, and asked Frier how he got into the gated community. Frier then drove away and saw the man walking toward the gate.

Based on the foregoing evidence, there were fact questions regarding whether Lojo was served on or before January 2, 2019. If Lojo was not served until that date, his TCPA motion was timely. Because there is conflicting evidence in the record on this issue and some evidence of substantive and probative character supports the trial court's decision, it was within the trial court's discretion to conclude that the TCPA motion was timely filed. *See Reed*, 2012 WL 1868561, at *3; *Spiller*, 303 S.W.3d at 432–33. We turn to the merits of the TCPA motion.

## II.    Applicability

Lojo contends that the TCPA applies because Myrtle's legal action is based on, relates to, or is in response to Lojo's exercise of his rights of association and free speech. A party filing a TCPA motion to dismiss under the version of the statute applicable here is required to demonstrate by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 962 (amended by Acts 2019, 86th Leg., ch. 378 (H.B. 2730), § 1, eff. Sept. 1, 2019) (current version at Tex. Civ. Prac. & Rem. Code § 27.005(b)). We review de novo whether Lojo met his burden to prove that the TCPA applies. *Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 122 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)).

**Exercise of the Right of Free Speech**. Under the TCPA, exercise of the right of free speech is defined as a communication made in connection with a matter of public concern. Tex. Civ. Prac. & Rem. Code § 27.001(3). Under the version of the TPCA applicable to today's case, a "matter of public concern" includes issues related to "health or safety," "environmental, economic, or

community well-being," and "a good, product, or a service in the marketplace." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 960, 961 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code § 27.001(7)). The phrase "in the marketplace" requires that "communication about goods or services must have some relevance to a wider audience of potential buyers or sellers in the marketplace, as opposed to communications of relevance only to the parties to a particular transaction." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134 (Tex. 2019). "A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Id*. at 137.

**Exercise of the Right of Association**. The exercise of the right of association is defined under the applicable version of the TCPA as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 960, 961 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code § 27.001(2)). Recently, this court concluded, like several other courts, that the word "common" as it appears in this provision means "of or relating to a community at large: public."[3] *Republic Tavern & Music Hall*, 618 S.W.3d at 126; *see also Meta Planning + Design LLC v. BGE, Inc.*, No. 14-19-00253-CV, 2021 WL 1421056, at *2 (Tex. App.—Houston [14th Dist.] Apr.

---

[3] Lojo contends the right of association is implicated whenever there are two or more individuals involved in the association, relying on *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *8 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.). For reasons explained here and elsewhere, our analysis of the exercise of the right of association is now guided by the definition of "common," whereas prior to this development it was not. *Meta Planning + Design LLC v. BGE, Inc.*, No. 14-19-00253-CV, 2021 WL 1421056, at *2 n.1 (Tex. App.—Houston [14th Dist.] Apr. 15, 2021, no pet. h.) (mem. op.) (citations omitted). Accordingly, *Abatecola* does not apply. *See id*.

15, 2021, no pet. h.) (mem. op.); *TSA-Tex. Surgical Assocs., L.L.P. v. Vargas*, No. 14-19-00135-CV, 2021 WL 729862, at *2 (Tex. App.—Houston [14th Dist.] Feb. 25, 2021, no pet. h.) (mem. op.) (citing cases).

**Analysis**. The communications at issue in this case involve Myrtle's claims that Lojo relied on Myrtle's confidential and proprietary information and intellectual property to sell, provide, or attempt to sell or provide competitive goods or services to business partners of Myrtle. According to Lojo, these communications implicate the exercise of the right of free speech because they would "include information about a good, product, or service being offered in the marketplace." But we have held that communications by a former employee in soliciting and procuring business from a third party do not constitute an exercise of the employee's free speech rights under the TCPA without a showing that such communications were relevant to a public audience of buyers or sellers. *Meta Planning + Design*, 2021 WL 1421056, at *3 (citing *Creative Oil & Gas, LLC*, 591 S.W.3d at 136, and *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 478-79 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd w.o.m.)). Communications involving a limited business audience or concerning a private dispute simply do not relate to a matter of public concern under the TCPA. *Id*.

Lojo also contends that the communications implicate the exercise of the right of association because Myrtle alleged an association among Lojo, Resulting Partners, and Ecopetrol. As discussed, our analysis hinges not on the number of parties involved, but on whether the communication relates to the community at large or the general public. Lojo's alleged exercise of association does not relate to the community at large or the general public but instead relates to alleged breaches of obligations derived from a private employment relationship between private parties. *See id*. at *4; *see also TSA-Tex. Surgical Assocs.*, 2021 WL 729862, at *3.

Likewise, the conduct and communications involved in allegedly misappropriating Myrtle's information and trade secrets and related torts benefitted only Lojo. *See Meta Planning + Design*, 2021 WL 1421056, at \*4; *see also TSA-Tex. Surgical Assocs.*, 2021 WL 729862, at \*3. Lojo has not shown on this record that the issues presented by this case are a matter of public concern or constitute an exercise of the right of association protected by the TCPA.

## *Conclusion*

Because Lojo failed to show that the actions alleged by Myrtle are based on, in response to, or related to Lojo's exercise of the right to free speech or of association, we overrule his issues complaining that the trial court denied his TCPA motion to dismiss, and we do not address Lojo's remaining issues. We affirm.


/s/     Frances Bourliot
Justice


Panel consists of Justices Wise, Bourliot, and Spain.

9