**Elton R. YOUNG et al., Appellants,**

v.

**SNOWCON, INC., Appellee.**

**No. 448.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 3, 1971.

**226**

James L. Anthony, McLeod, Alexander, Powel & Apffel, Galveston, for appellants.

Jerry W. Gunn, Dickinson, for appellee.

BARRON, Justice.

The appellee, Snowcon, Inc., filed suit on an account in the County Court of Galveston County against the appellants, Elton R. Young and Grady Young. The appellee alleged that on various dates between February 21, 1970 and March 21, 1970, the appellee had performed certain services and furnished and delivered to and for the use of appellants certain materials, and that appellants had promised and agreed to pay for same the sum of $826.00, such sum representing one month's rent on a Northwest drag line. The appellant, Elton Young, was served with citation on June 12, 1970, and the appellant, Grady Young, was served on the next day, June 13, 1970. The appellants filed no answer, and on July 13, 1970, judgment was rendered by default in appellee's favor with attorney's fees, interest, and costs. On July 20, 1970, appellants filed a motion to set aside the default judgment. After a hearing the trial court overruled the motion to set aside the judgment by default, and the appellants, Elton R. Young and Grady Young, have perfected this appeal.

The following is a summary of the evidence from an agreed statement of facts. The appellants in early 1970 were involved in a small drag line operation. They were negotiating the possibility of a purchase of a used drag line from the appellee. A drag line was delivered to appellants' job site and remained there for a period in excess of one month. On two occasions appellants refused to sign a rental agreement with appellee. The appellants were invoiced for the sum of $826.00 by appellee which they refused to pay. They testified that the machine was of a value to them of only $50 to $75. The appellant, Elton Young, contacted Mr. Kilgore, president of appellee corporation, and advised him that the appellants would not pay the month's rental of the drag line. Mr. Kilgore then turned the matter over to the appellee's attorney for collection. When Elton Young again called Mr. Kilgore, he was referred by him to the appellee's attorney. Elton Young stated that he was not able to contact appellee's attorney. The appellee sent a demand letter to the appellants and then filed suit. Elton Young testified that shortly after he was served with citation, he attempted to get in touch with appellee's attorney and being unable to do so, contacted Mr. Kilgore. Elton Young stated that Mr. Kilgore told him that he would call the appellee's attorney and instruct him not to do anything further on the suit, and that they should be able to come to some sort of agreement and compromise. Elton Young stated that the appellants did not file an answer to the lawsuit, because they were relying on Mr. Kilgore's statement. Mr. Kilgore testified that when Elton Young called him after being served with citation he advised Young to contact Snowcon's attorney. Mr. Kilgore stated that he only told Young that he would ad-

vise the appellee's attorney that he had been contacted by Young, and that he did not tell Young that he would instruct or advise the attorney to hold off in doing anything further on the suit until they were able to work out an agreement or compromise.

The trial court's findings of fact and conclusions of law include findings that (1) there were two telephone calls after suit was filed, one to appellee and one to appellee's attorney, and no bona fide attempt was made to discuss settlement, nor were any assurances made to appellants by Snowcon to mislead them in believing that default judgment would not be later taken against them; (2) the appellants made no answer and made no sincere attempt to prevent a default judgment; (3) that default judgment rendered herein against the appellants was not due to fraud, accident or mistake, but was occasioned by the negligence of the appellants, and (4) while the appellants alleged a defense, the court found that they failed to present a meritorious defense.

On this appeal, appellants first contend that the trial court erred in overruling their motion to set aside the default judgment, because there was no evidence or insufficient evidence to support the trial court's findings that appellants made no sincere attempt to prevent a default judgment, and there was no evidence or insufficient evidence to show that there were no assurances made to appellants to mislead them in believing a default judgment would not be taken against them. The appellants further contend that the trial court erred in holding that the default judgment rendered against appellants was not due to fraud, accident or mistake but was occasioned by the negligence of the appellants.

The trial court's ruling on a motion to set aside a default judgment under these circumstances will not be disturbed on appeal except for a clear abuse of discretion. Brothers Department Store, Inc. v. Ber-

enzweig, 333 S.W.2d 445, (Tex.Civ.App. 1960), no writ hist.; 4 McDonald Texas Civil Practice, Sec. 18.10, p. 1449.

The default judgment will not be set aside unless and until the movant demonstrates that (1) the failure to file an answer was not intentional or the result of conscious indifference on the part of the movant, but was due to a mistake or an accident; and (2) the motion sets up a meritorious defense, and (3) the motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. Ivy v. Carrell, 407 S.W.2d 212, (Tex.Sup. 1966); Grammar v. Hobby, 276 S.W.2d 311, (Tex.Civ.App.1955), ref., n. r. e.; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126, (Tex.Comm. App.1939), op. adopted.

The appellants have the burden of clearly demonstrating that they are free of negligence or of conscious indifference. Harris v. Lebow, 363 S.W.2d 184, (Tex.Civ. App.1962), writ ref., n. r. e. Appellants conceded they did not contact the appellee's attorney. While there was testimony that the appellants relied on the conversation with the appellee's president, the trial court had the authority wholly to discredit this testimony of an interested party and accept the conflicting testimony of the appellee's president that no such assurances were in fact made, and to find that appellants had no excuse at all for failing to file an answer. In the record before us there is ample evidence to support the direct and implied findings by the trial court, whose duty it was to weigh the evidence, that the failure to file an answer was the result of negligence and a conscious indifference on the part of the appellants.

It is unnecessary for us to consider appellants' points of error in regard to the alleged meritorious defense, because appellants have failed to establish the essential requirement that their failure to file an answer in this suit was not intentional or

was not the result of conscious indifference on their part.

The judgment of the trial court is affirmed.